CANADY, C.J.,
dissenting.
I dissent from the Court’s disapproval of the stipulation for dismissal.
Florida Rule of Appellate Procedure 9.350(a) provides that “[w]hen any cause pending in the court is settled before a decision on the merits, the parties shall immediately notify the court by filing a signed stipulation for dismissal.” The rule does not appear to contemplate that such a stipulation for dismissal is subject to disapproval by the Court. The very designation “stipulation for dismissal” — as opposed to “motion for dismissal” — suggests that the act of the parties is dispositive. The committee note to the rule recognizes that dismissal of the case is the clerk’s ministerial duty: “On the filing of a stipulation of dismissal, the clerk of the court will dismiss the case as to the parties signing the stipulation.”
Although the majority is certainly correct that this Court has on occasion refused to give effect to a “stipulation for dismissal” filed pursuant to rule 9.350(a), the majority is unable to point to any case in which we recognized that we were retaining jurisdiction in the face of such a stipulation filed prior to the completion of briefing. The majority is also unable to point to any case in which we analyzed the text of rule 9.350(a). Our deliverances on this subject take the form of pronouncements of a conclusion rather than the reasoned examination of the governing rule. The majority’s decision here is one more such pronouncement.
In rejecting the stipulated dismissal, the Court is requiring that the parties litigate a case that has been settled, is no longer in controversy, and has not been perfected for consideration by this Court. The respondent who has settled this case will now be required to expend resources to prepare an answer brief. And the petitioner, who may no longer be represented by counsel, is directed to file a reply brief.
Although the issues underlying this litigation may be issues of great importance, it is no more proper for the Court to compel the parties to litigate those issues after they have jointly filed a notice of dismissal than it would be for the Court to compel a party to file a petition for discretionary review. The parties to this proceeding have rights. They should not be dragooned into litigating a matter that is no longer in controversy between them simply because this Court determines that an issue needs to be decided.
Under the Florida Constitution, this Court does not have the power to reach out and grab cases that we deem worthy of our attention. Nor should we exercise the power to grasp a case which has been brought to the Court but which the parties wish to dismiss before it has ever been considered by the Court on the merits. In doing so, we step beyond the proper role of an appellate court to adjudicate those cases that are properly presented to it by a party seeking review.
QUINCE and POLSTON, JJ., concur.